## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re

**HASSAN NAVABI &**
**YULIA MENDYUK**                    **Case No. 10-16795**
                        **Debtors**

                                    **Chapter 11**


### DEBTORS' PLAN OF REORGANIZATION, DATED JUNE 28, 2011

## ARTICLE I

## SUMMARY

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of HASSAN NAVABI and YULIA MENDYUK (collectively the "Debtors") from the sale of assets and future income. This Plan provides for four (4) classes of secured claims and one (1) class of unsecured claims. Unsecured creditors holding allowed claims will receive distributions which the proponents of this Plan estimate to be 8% of these claims. This Plan also provides for the payment of administrative and priority claims.

All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

2

# ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    <u>Class 1</u>.  Secured Claim of Bank of America, N.A. in connection with the Debtors' First Mortgage on the Real Property.

2.02    <u>Class 2</u>.  Secured claims of Toyota Motor Credit Corporation.

2.03    <u>Class 3</u>.  Secured claim of Bank of America, N.A. in connection with the Debtors' Second Mortage on the Real Property.

2.04    <u>Class 4.</u>  Secured claim of Bank of America, N.A., in connection with the Debtors' mortgage in connection with the real property located at 3307 Wyndham Cir., Alexandria, VA 22302.

2.05    <u>Class 5</u>.  All unsecured claims allowed under § 502 of the Code.

2.06    In addition, the Plan will provide for payments of administrative claims and priority tax claims that are not part of a "class" pursuant to the Bankruptcy Code.

3

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
## U.S. TRUSTEE'S FEES, AND PRIORITY TAX CLAIMS

3.01   <u>Unclassified Claims</u>.  Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02   <u>Administrative Expense Claims</u>.  Each holder of an administrative expense claim allowed under § 503 of the Code  will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

3.03   <u>Priority Tax Claims</u>.  Each holder of a priority tax claim will be paid its pro rata share of each distribution together with post-confirmation interest.

3.04   <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

4

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

4.02    The Class 1 Allowed Secured Claims consists of the secured claim of Bank of America, N.A., which will not be impaired by this Plan. The Debtors will pay the promissory note and first deed of trust lien in connection with Bank of America's loan pursuant to the contract between Bank of America, N.A. subject to the proposed modification agreement contained in the attached Exhibit 1. Bank of America, N.A. shall retain its security interest in the property known as and located at 1601 Wood Duck Court, Woodbridge, Virginia 22191 (the "Real Property"). However, upon completion of this Chapter 11 plan in Bankruptcy Case No. 10-16795 (the "Case"), the discharge pursuant to § 1141 of the United States Bankruptcy Code shall constitute a discharge of the Debtors' personal liability on the Class 1 Allowed Secured Claim of Bank of America, N.A. Accordingly, Bank of America, N.A. is impaired and entitled to vote on this Plan.

4.03    The Class 2 claim consists of the Debtors' secured loans, which they intend to keep current and provide for by regular monthly payments outside of this Chapter 11 plan. This class includes the following claims:

4.03.01    Toyota Motor Credit Corporation in the amount of $15,546.03, in connection with the purchase of a 2009 Toyota Camry, Claim No. 7-1 on the Court's Claims Register; and

4.03.02    Toyota Motor Credit Corporation in the amount of $15,220.08, in connection with the purchase of a 2009 Toyota Camry, Claim No. 6-1 on the Court's Claims Register.

4.03.03    The Debtors will pay the promissory note secured by these vehicles pursuant to the contract between the Debtors and Toyota Motor Credit Corporation. Toyota Motor Credit Corporation shall retain its security interest in connection with each of these vehicles. However, upon completion of a confirmed Chapter 11 plan in Bankruptcy Case No. 10-16795, the discharge pursuant to § 1141 of the United States Bankruptcy Code shall constitute a discharge of the Debtors' personal liability on the Class 2 Allowed Secured Claims of Toyota Motor Credit Corporation.

4.03.04    Accordingly, Toyota Motor Credit Corporation is impaired and entitled to vote on this Plan.

4.04    Class 3 includes the claim of Bank of America, N.A. in connection with a second mortgage line of credit in connection with the Real Property.

4.04.01      The claim of Bank of America, N.A. is described in the Proof of Claim filed by Bank of America, N.A., Claim No. 4-1 on the Court's Claims Register in the amount of $205,590.53.  The Debtors have filed an adversary proceeding, Adv. Proc. No. 11-01184 RGM, to avoid the lien of Bank of America, N.A. in connection with the Real Property, and to declare Claim No. 4-1 as a wholly unsecured claim.

4.04.02      As of the filing of this Plan, the Debtors anticipate that the Court will enter a default judgment in favor of the Debtors in connection with Adv. Proc. No. 11-01184 and Claim No. 4-1.  Accordingly, the Claim of Bank of America, N.A., included in this class shall not be treated as a secured claim but shall be treated as a wholly unsecured debt and shall receive a distribution pursuant to this plan at the same time and in the same manner as the unsecured debts included in Class 5 described below.

4.04.03      Accordingly, upon entry of the default judgment in Adv. Proc. 11-01184 and completion of this Plan, Bank of America, N.A.'s lien in connection with the Real Property shall be dissolved.

4.04.05      Based upon the foregoing, the Claim of Bank of America, N.A. included in this Class 3 is impaired and is entitled to vote on this Plan.

4.05    Class 4 includes the claim of Bank of America, N.A., in connection with 3307 Wyndham Cir., Alexandria, Virginia 22302.  This Class 4 Claim of Bank of America, N.A., is listed as a secured claim in connection with the Wyndham Property on the Creditor's Proof of Claim.  Upon information and belief, Bank of America, N.A. or another secured party has actually foreclosed on the Wyndham Property before the filing of the Case, and so the Debtors no longer have any legal or beneficial interest in the Wyndham Property.  Accordingly, the bankruptcy estate of this Bankruptcy also does not have any interest in the Wyndham Property.  However, since Bank of America, N.A. has not filed an unsecured claim, but a secured claim the Debtors propose to surrender whatever interest they may have to Bank of America, N.A. in connection with its secured claim.  Bank of America, N.A. shall not be entitled to an unsecured, deficiency claim in connection with its Class 4 claim.    Based upon the foregoing, the Claim of Bank of America, N.A. included in this Class 4 is impaired and is entitled to vote on this Plan.

4.06    The Class 5 Unsecured General Claims include the claims listed on the following table.  The Class 5 Allowed Unsecured Claims for contractual obligations between the Debtors and any Creditor shall be paid a gross amount of $24,000, which will result in a distribution of approximately 8% of their respective Allowed Unsecured Claim, after payment of administrative expenses, and priority tax claims.  Such claims shall be paid on a *pro rata* basis.

4.05.01      The term "*pro rata*" as used in this Plan with respect to a distribution of funds to Creditors that are holders of Allowed Claims in Class 5 shall mean that each Creditor will receive that percentage of a Distribution that is equal to the

percentage of said Creditor's Allowed Unsecured Claim as it relates to the entire Class of which said Allowed Unsecured Claim is a component.

4.05.02       Distribution on Allowed Unsecured Claims in Class 5 shall be in full, complete, and final satisfaction, payment, and discharge of the Allowed Unsecured Claims.

4.05.03       No Unsecured Creditor shall receive more than its Allowed Claim without interest, cost, fee, or expense.  The Debtors project an eight percent (8%) distribution on all Allowed Unsecured Class 5 Claims.  However, no minimum distribution is guaranteed in consideration of the amounts for which Claims may be filed and that Class 5 shall also include any debts for which liens may be avoided as preferential transfers and any Claims arising from the rejection of contracts and/or leases, which inclusion may affect the *pro rata* distribution to other creditors in Class 5.

4.05.04       The *pro rata* distribution on Allowed Unsecured Claims in Class 5 shall be made after the payments to Administrative, and Priority Tax Claims.

4.05.05       The Debtors shall be entitled to retain possession of their exempt assets and their non-exempt assets free and clear of all claims, liens, and encumbrances, except as otherwise provided for herein.

4.05.06       Class 5 Claimants are impaired.  Accordingly, Class 5 Claimants are entitled to vote on the Plan.

7

# ARTICLE V

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest have filed an objection; or (ii) no proof of claim has been filed, and the Debtors have scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims.  The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

5.04    General Matters and Time for Filing.  All Disputed Claims shall be resolved in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure and shall only be entitled to receive a Distribution according to Classes as provided in the Plan, as of the date and to the extent each such Claim is Allowed by entry of a consent order or a Final Order.

5.05    Filing of Objections by Debtors.  All objections by Debtors to Claims or Ballots shall be filed within ninety (90) days following the Effective Date or be forever barred, unless the objection relates to a Claim filed after the Effective Date in which case the objection may be filed within ninety (90) days of the filing of such Claim provided that the Debtors shall have been provided with a copy of such post-Effective Date Claim.  In the event that Debtors shall not have been provided with a copy of such post-Effective Date claim, the Debtors shall have ninety (90) days from the date of discovery of such post-Effective Date claim by the Debtors within which to file such objection and such objection shall aver that the Debtors had no such knowledge of the post-Effective Date claim prior to ninety (90) days prior to the filing of such objection.

5.06    Filing of Objections by Parties in Interest.  Any party other than the Debtors objecting to Claims that existed or arose on or before the Filing Date, or that are listed as un-disputed, noncontingent and liquidated in the Debtors' Schedules D, E, or F, must file such objection within thirty (30) days from the Confirmation Date and shall serve a copy of such objection upon the Debtors and their undersigned counsel.

5.07    Standing.  Debtors or any other person having standing under the Bankruptcy Code may file objections to claims, on any proper basis, including improper amount, improper classification hereunder, lack of consideration, or otherwise, including but not limited to the status of any agreement, contract, pledge, or other instrument or document as void, voidable, or in any other manner invalid.

8

5.08    <u>Funds</u>.  Debtors shall hold sums otherwise distributable upon Disputed Claims in an Escrow Account pending a resolution of such dispute.  Interest earned on the account, if any, shall be given to the party entitled to the principal.  Escrow Funds which are determined not to be distributable to the holder of a Disputed Claim shall be distributed on the next applicable Distribution Date among the other members of the same Class as the holder of such Disputed Claim, unless all such other members of the same Class shall have received their full entitlement under this Plan, in which case the funds shall be transferred to the Debtors' Unsecured Distribution Fund account and thereafter such funds shall become the sole and exclusive property of the Debtors.

5.09    <u>Claims from Executory Agreements</u>.  All Claims arising from the rejection of executory contracts or unexpired leases under this Plan shall be filed within twenty (20) days after the Confirmation Date.  All such claims, unless specifically admitted by the Debtors, shall be treated as Disputed Claims.  Any such claims not filed within the time frame specified herein and required by this Section are discharged and shall forever be barred as Claims against the Debtors.

5.10    <u>Setoffs</u>.  Except as otherwise provided in the Plan, the Debtors may set-off against any Claim, claims of any nature that the Estate or Debtors may have against a Creditor, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtors of any such claim or setoff that the Estate or the Debtors may have against such Creditor.

**ARTICLE VI**
**PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

6.01    Assumed Executory Contracts and Unexpired Leases.

6.01.02    The Debtors do not assume any executory contracts and/or unexpired leases in effect upon the effective date of this Plan.

6.01.03    The Debtors will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the effective date of this Plan.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than ninety (90) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

7.01    The Debtors will fund this Plan by making one distribution in the amount of $24,000 on or before the later of December 1, 2011 or 60 days after confirmation of this Plan. The Debtors will obtain these funds through a loan against Debtor Hassan Navabi's 401k plan, which constitutes non-bankruptcy estate property.  This is the maximum amount Mr. Navabi can borrow against his 401K Plan.

7.02    Provision for Rejecting Classes.   With respect to any class of creditors which is affected by and does not accept the Plan by the majority required by Chapter 11 of the Bankruptcy Code, adequate protection for the realization by them of the value of their debts against the property dealt with by the Plan and affected by such debts shall be provided in the Order Confirming the Plan by any of the methods prescribed in the Bankruptcy Code.

7.03    Avoidance Claims.  After the Effective Date, the Debtors in their sole discretion shall decide whether to pursue any preference, fraudulent conveyance, or other avoidance claim or any other cause of action and shall be authorized in their discretion to commence and/or continue, or to abandon, any action under §§ 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code and any other cause of action, right to payment, or claim that may have belonged to the Debtors or to the Estate.  The Debtors reserve for themselves and for their Estate the right to commence and/or continue or to abandon any and all such causes of action.

7.04    Disbursements.  Distributions to holders of Allowed Claims shall be made at the addresses set forth in the Schedules or in the proofs of claim filed by Creditors.  If any Creditor's Distribution is returned as undeliverable, no further Distributions to such Creditor shall be made unless and until the Debtors are notified of such Creditor's current address, at which time all missed Distributions shall be made to such Creditor without interest.  All claims for undeliverable Distributions shall be made on or before the third anniversary of the Effective Date.  After the second anniversary of the Effective Date, any distribution returned as undeliverable that is greater than $1,000 shall be redistributed to those creditors for which the Debtors have a current address.  All unclaimed property and funds, and any and all interest thereon, each of which is less than $1,000, shall become the exclusive property of the Debtors without further distribution to any Creditor.

7.05    Retention and Title to Assets.  Title to any and all of the Debtors' assets, whether or not dealt with in the Plan, shall re-vest in the Debtors free and clear of all liens, en-cumbrances, and Claims except as otherwise set forth in the Plan, upon the entry of the Confirmation Order, and the Debtors shall remain in possession of their assets, to the extent not surrendered or sold, free and clear of all liens, security interests, and encumbrances, subject only to outstanding liens, if any, which are not avoided by the Debtors or by this Plan.

7.06   <u>Effect of Court Orders</u>.

     7.06.01   <u>Post-petition Financing Orders</u>.  All Final Orders authorizing Debtors to incur debt shall survive the Confirmation of the Plan, and the terms and provisions of said Final Orders and all documents executed pursuant to the authority granted by such Final Orders shall continue in full force and effect post-Confirmation.

     7.06.02   <u>Cash Collateral Orders</u>.  All Secured Claims and Administrative Claims arising from the existence, operation, and effect of any Final Order authorizing Debtors to use cash collateral shall be Allowed Claims, and any Creditor holding such Allowed Claims shall file, with the Court, a proof of claim with respect thereof on or before the Effective Date.  Nevertheless, the terms of all such Final Orders shall cease to be effective and shall be null and void in all respects upon the Effective Date of this Plan and the Debtors shall have the unfettered right to use all Cash Assets, Collateral, and Net Revenue in any manner the Debtors deem proper or advisable subject only to the performance of their obligations under this Plan and as may be required by the Confirmation Order.

     7.07   <u>Time Bar to Payments</u>.  Payments and Distributions pursuant to the Plan shall be made by check drawn on a domestic bank.  Checks issued pursuant to the Plan in respect of Allowed Claims shall be null and void if not cashed within ninety (90) days from the date of issuance thereof as will appear on the face of such check.  Requests for re-issuance of any check shall be made directly to the Debtors by the Creditor of the Allowed Claim with respect to which such check was originally issued.  Any claim with respect to such a voided check shall be made on or before one hundred eighty (180) days from the date of the issuance of such check as appears on the face of such check.  After the expiration of one hundred eighty (180) days from the date of the issuance of such check as appears on the face of such check, all claims in respect to such void checks shall be forever barred, and all unclaimed property, distributions, and funds, and any and all interest thereon, greater than $1,000 shall be redistributed to the remaining creditors.  All unclaimed property, distributions, and funds, and any and all interest thereon less than $1,000 shall become the property of the Debtors.

     7.8   <u>Request for Cramdown under Section 1129(b) of the Bankruptcy Code</u>.  The Plan shall be deemed a request for cramdown under § 1129(b) of the Bankruptcy Code if any class entitled to vote does not accept the Plan by the requisite majorities required by § 1126 of the Bankruptcy Code.

12

## ARTICLE VIII
## <u>VOTING UPON THIS PLAN</u>

8.01    <u>Form of Ballot</u>.  Creditors shall vote to accept or reject this Plan upon the Ballot form attached hereto as Exhibit A.

8.02    <u>Class Voting</u>.  While for convenience of reference for purposes other than voting, this Plan refers as "Classes" to groups of Creditors.

8.03    <u>Receipt of Ballots</u>.  For Ballots to be counted, they must be received on or before the deadline established by the Court.

8.04    <u>Acceptances of the Plan</u>. Creditors shall send their Ballots (Exhibit A) to counsel for Debtors:

> Michael G. Dana, Esquire
> The Fried Law Firm, P.A.
> 4550 Montgomery Avenue, Suite 710N
> Bethesda, Maryland 20814

13

# ARTICLE IX
## DEFINITIONS

9.01     <u>Definitions and Rules of Construction.</u>  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

9.01.01          <u>Administrative Claim</u>.  A claim for costs and expenses incurred in connection with the administration of the Debtors' Estate, including the formulation and implementation of this Plan, allowable in accordance with § 503(b) and entitled to priority under § 507(a)(2) of the Bankruptcy Code in the amount approved by the Bankruptcy Court.

9.01.02          <u>Allowed Amount</u> or <u>Allowed Claim</u> shall mean: (i) the amount of a Claim (as defined in § 101(5) of the Bankruptcy Code) that has been allowed in accordance with the Bankruptcy Code by a Final Order or by this Plan; or (ii) the amount of a Claim, proof of which has been timely filed with the Bankruptcy Court or that is listed in the Schedules D, E, or F (Statement of Liabilities of Debtors) filed by the Debtors with the Bankruptcy Court, as they may from time to time be amended or supplemented in accordance with Federal Rule of Bankruptcy Procedure 1009, as undisputed, noncontingent, and liquidated, as to which Claim no objection to the allowance thereof has been filed within any period of limitation fixed by the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 3003, Orders of the Bankruptcy Court or this Plan, or an objection to the allowance thereof has been filed, which objection has been denied, or the claim fixed as to the amount, by a Final Order or judgment which has become final by reason of the expiration of the period of appeal therefrom or from any decision on appeal without any further appeal having been taken, or with respect to fees and expenses of Professional Persons, the amount of such fees and expenses allowed by Final Order of the Bankruptcy Court.

9.01.03          <u>Ballot</u>.  The ballot for accepting or rejecting this Plan in form and substance as attached hereto as Exhibit A.

9.01.04          <u>Bankruptcy Code</u>.  Title 11 of the United States Code (U.S.C.) as enacted by the Bankruptcy Reform Act of 1978, and amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, and such portions of Title 28 of the United States Code and Title 4 of Public Law 95-598 as are applicable to this bankruptcy case and any subsequent amendments thereto.

9.01.05          <u>Bankruptcy Rules</u>.  The Federal Rules of Bankruptcy Procedure, as amended.

14

9.01.06        Bar Date.  The deadline established by the Bankruptcy Court pursuant to Bankruptcy Rule 3003(c)(3) as the bar date.  The Bar Date shall be the date before which Claims must be filed (unless filing is excused under the Bankruptcy Code), failing which such Claims are disallowed for purposes of voting and distribution.  The Bar Date was September 13, 2010, for non-governmental proofs of claim and November 8, 2010, for governmental proofs of claim.

9.01.07        Case.  The reorganization case of Debtors Hassan Navabi and Yulia Mendyuk pending in the United States Bankruptcy Court for the Eastern District of Virginia (Alexandria Division), Case No. 10-16795 and having a Filing Date of August 12, 2010.

9.01.08        Cash Assets.  All cash and cash equivalents, bank accounts, contracts, contract rights, general intangibles, deposits, refundable prepaid expenses, un-earned premiums, and cash surrender value of insurance policies, lease deposits, proceeds derived from notes receivable, accounts receivable, and causes of action of the Debtors and Debtors-in-Possession.

9.01.09        Claim(s).  Any and all present and future claim(s) against Debtors as defined in § 101(5) of the Bankruptcy Code, including, but not limited to, priority and general claims and any and all claims arising from the rejection of executory contracts and unexpired leases of Debtors.

9.01.10        Collateral.  Property in the possession of Debtors as of the Filing Date, and the proceeds thereof as provided by 11 U.S.C. § 552, in which one or more Creditors hold consensual or non-consensual interests securing indebtedness owed to them by Debtors.  Except as provided in Section 552, Creditors shall not have a security interest in property acquired after the Filing Date unless they have been granted such by court order during the pendency of this Case.

9.01.11        Confirmation.  Entry by the Court of an Order confirming this Plan in accordance with the provisions of the Bankruptcy Code, which Order becomes a Final Order ten (10) days from the date of entry thereof.

9.01.12        Confirmation Date.  The date on which the Confirmation Order described in paragraph 9.01.13 below is entered in the Case.

9.01.13        Confirmation Order.  The Order described in paragraph 8.01.12 above entered by the Court to confirm this Plan or any modification thereof, pursuant to 11 U.S.C. § 1129.

9.01.14      Court.  The United States Bankruptcy Court for the District of Maryland, which shall retain jurisdiction over the Debtors and their property as set forth in this Plan.

9.01.15      Creditor.  The holder of a Claim.

9.01.16.      Debtors.   Hassan Navabi and Yulia Mendyuk, whether such term is used in the singular or the plural.

9.01.17      Disputed Claim.  Any Claim for which an Allowed Claim has not been determined.

9.01.18.      Distribution Date.  The Plan of Reorganization shall have one distribution on the Effective Date of the Plan.

9.01.19      Effective Date.  The later of sixty days after Confirmation of this Plan or December 1, 2011, unless implementation of the Plan is stayed pending appeal, in which case the first day after the appeal is finally resolved in favor of confirmation of this Plan or the stay is otherwise dissolved (but no earlier than the thirtieth (30th) day after the date described in this sentence).

9.01.20      Estate.  The estate of Debtors created pursuant to Bankruptcy Code § 541 upon the commencement of the Case.

8.01.21      Filing Date.  August 12, 2010, the date upon which the Debtors filed their Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code commencing the Case.

9.01.22      Final Order.  An Order of Court or of an appellate court from which all rights of appeal have been exhausted unsuccessfully, or regarding which the time for appeal has expired with no appeal having been perfected.

9.01.23      Impaired.  Any Class of Claims or Interests treated under this Plan in a manner as described in § 1124 of the Bankruptcy Code.

9.01.24      Monthly Report.  A financial report summarizing the Debtors' income and expenses on a calendar month basis.

9.01.25      Plan.  This Plan of Reorganization in its present form or as it may hereafter be amended or modified.

9.01.26        Priority Claim.  An Unsecured Claim (including a Tax Claim and an Administrative Claim) entitled to priority of payment under § 507 of the Bankruptcy Code.

9.01.27        Professional Person:  An individual or organization employed pursuant to Final Order of the Bankruptcy Court as required by 11 U.S.C. § 327(a).

9.01.28        Rejection Claim.  A claim arising under 11 U.S.C. § 502(g).

9.01.29        Secured Claim.  An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to set-off under Section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to set-off, as the case may be, to the extent of the value of such entity's interest in Debtors' interest in the collateral.

9.01.30        Secured Creditor.  The holder of a Secured Claim.

9.01.31        Tax Priority Claim.  A Priority Claim by taxing authorities entitled to payment in accordance with § 507(a)(8) of the Bankruptcy Code.

9.01.32        Unsecured Claim.  A claim against Debtors but excluding Priority Claims, Tax Priority Claims, and Secured Claims.

9.01.33        Unsecured General Creditor.  The holder of an Unsecured Claim, whose claim is also not an administrative or priority claim.

9.01.34        Unsecured Creditor.  The holder of an Unsecured Claim.

9.01.35        Effective Date of Plan.  The effective date of this Plan is the later of 60 days after confirmation of this Plan or December 1, 2011.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

9.01.36        Severability.    If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

9.01.37        Binding Effect.    The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

      9.01.38      <u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

      9.01.39      <u>Controlling Effect</u>.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the Commonwealth of Virginia govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

# ARTICLE X
## EFFECT OF CONFIRMATION AND DISCHARGE

10.01    <u>Persons Bound</u>.  Upon the entry of the Confirmation Order, the provisions of this Plan shall bind Debtors, any entity acquiring property under the Plan, and all Creditors and other parties in interest, whether or not the claim of such Creditor is impaired under the Plan and whether or not such Creditor has accepted the Plan.

10.02    <u>Lien Avoidance</u>.  The Confirmation Order shall act as the avoidance of any judicial lien against the Debtors' assets.

10.03    <u>Property Transactions</u>.  The Confirmation Order shall entitle the Debtors to sell, convey, or encumber their property in any manner without further Order of the Court.

10.04    <u>Financial Affairs</u>.  The Confirmation Order shall entitle the Debtors to manage their affairs without further Order of the Court.

10.05    <u>Injunction Imposed</u>.  The Confirmation Order shall enjoin any action against the Debtors and all persons liable with the Debtors and shall constitute the imposition of a permanent injunction in favor of the Debtors and all persons liable with the Debtors precluding the commencement or continuation of any action or the issuance of any process to the fullest extent permitted and contemplated by 11 U.S.C. §§ 105, 362, and 524 with respect to any debt, obligation, Claim, or guaranty arising prior to the Petition Date and any debt, obligation, Claim, or guaranty classified in any Class in this Plan.

10.06    <u>Modification and Subrogation of Claim</u>.  The Confirmation Order shall not prejudice the right of the Debtors to negotiate with any Creditor for the payment of any claim, debt, or obligation on terms different than herein provided in the sole discretion of the Debtors. The receipt by any Creditor of any sum on its Allowed Claim from any non-Debtor third party shall reduce dollar-for-dollar the obligation of the Debtors under this Plan, without any modification of the Debtors to perform any obligation under this Plan, it being the right of such non-Debtors third-party payer to be subrogated to the Claim and Distribution to which such Creditor may have been entitled to the extent of the payment made by such payer to such Creditor for the benefit of the Debtors.

10.07    <u>New Credit</u>.  The Confirmation Order shall permit the Debtors in their discretion to obtain new and additional credit and/or loans from any source, which credit or loans may be secured by the Debtors' assets without further Order of the Bankruptcy Court.

19

10.08   <u>Post-Petition Administrative Claims</u>.  All post-petition administrative claims of any creditor of the Debtors and post-petition tax claims shall not be discharged by this Chapter 11 plan and are not in any way impaired by this Chapter 11 Plan.

10.09.   <u>Discharge.</u> Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code.  The Debtors will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

# ARTICLE XI
## OTHER PROVISIONS

11.01   Debtors following the entry of an Order of Confirmation shall be responsible for:

11.01.01        Keeping complete and accurate books and records;

11.01.02        Employing professionals, if necessary;

11.01.03        Reviewing all proofs of claim and amended proofs of claim filed in this case and objecting to such if warranted;

11.01.04        Pursuing preference or fraudulent conveyance claims, if any, as they determine such litigation to be in the best interests of creditors and Debtors;

11.01.05        Making all distributions to Creditors under this Plan in accordance with the amounts of the Allowed Claims;

11.01.06        Determining whether to sell by private sale or public auction any asset, or to otherwise dispose of same in their discretion;

11.01.07        Taking any and all actions that are necessary to effectuate the provisions of the Plan;

11.01.08        Performing the execution, delivery and/or recordation to the extent necessary as attorney-in-fact in the event a claim or interest holder fails to do so as required by the Plan;

11.01.09        Managing their financial affairs; maintaining possession of their assets, to the extent not surrendered pursuant to this Plan, subject only to outstanding liens, if any, which are not avoided by the Debtors or this Plan; selling, transferring, or otherwise disposing of their assets; borrowing funds, or conducting any manner of their business or financial affairs without further Order of the Bankruptcy Court; and

11.01.10        Taking any necessary actions in an attempt to have the Case closed as soon as practicable.

11.02   Modification before Confirmation Hearing.  The Debtors may modify this Plan at any time before the Confirmation Date, but may not modify the Plan so that the Plan as modified

fails to meet the requirements of 11 U.S.C. §§ 1122 and 1123 of the Bankruptcy Code.  After the Debtors file a modification with the Bankruptcy Court, the Plan as modified becomes the Plan.

11.03   <u>Modification after Confirmation Date and before consummation</u>.  The Debtors may modify this Plan at any time after the Confirmation Date and before substantial consummation of this Plan, but may not modify the Plan so that the Plan as modified fails to meet the requirements of 11 U.S.C. §§ 1122 and 1123.  The Plan as modified under this sub-section becomes the Plan only if the Bankruptcy Court, after notice and an opportunity for a hearing confirms such Plan, as modified, under 11 U.S.C. § 1129 of the Bankruptcy Code and circumstances warrant such modification.

11.04   Before or after the Confirmation Date, or in the Confirmation Order, the Debtors may, with approval of the Bankruptcy Court, and so long as it does not materially and adversely affect the interests of creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan or amend the Plan, in such manner as may be necessary to carry out the purposes and effect of the Plan.

11.05   <u>Jurisdiction</u>.  Until the Court enters an Order closing the case, the Court shall retain jurisdiction to:

11.05.01      Classify the Claim of any Creditor and to re-examine Claims which have been allowed for purposes of voting and to determine objections to the Claims of Creditors.  The failure by the Debtors to object to, or to examine, any Claim for the purposes of voting shall not be deemed a waiver of the Debtors' right to object to, or to re-examine, the Claim in whole or in part;

11.05.02      Determine all questions and disputes regarding title to assets of the Estate, to determine all causes of action, questions, controversies, disputes, conflicts, and litigation, whether or not subject to an action pending as of the Confirmation Date or that may arise subsequently thereto, between the Debtors and any other party or between third parties, including but not limited to any right of the Debtors to recover money or other property pursuant of the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure or that may substantially affect the Debtors' ability to carry out this Plan;

11.05.03      Correct any defect, cure any omission, or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary or appropriate to carry out the purposes and intent of this Plan;

11.05.04      Modify the Plan after Confirmation pursuant to the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure subject to Article 10, above;

11.05.05    Determine the reasonableness of, allow, and direct the disbursement of compensation for professional fees, costs, and expenses for approved professional services, including those incurred for post-confirmation services upon application filed by the Debtors with the Court to the extent that the Debtors may dispute the reasonableness of any such charges;

11.05.06    Enforce and interpret the terms and conditions of this Plan, including but not limited to any agreement for the satisfaction of an Allowed Claim or the entry of a Judgment or Lien for the enforcement of an Order;

11.05.07    Enter any Order, including injunctions, as may be necessary or appropriate to enforce the title, rights, and powers of the Debtors and to impose such limitation, restriction, terms and conditions on such title, rights, and powers as the Court may deem necessary or appropriate to carry out the provisions of this Plan;

11.05.08    Perform any acts related to any other matters as may be set forth in the Confirmation Order;

11.05.09    Administer any adversary proceeding for the pursuit and recovery of any alleged preferential transfer, fraudulent conveyance, account receivable, claim, demand, or cause of action, or the recovery of any asset of the Estate, which the Debtors or their counsel shall be explicitly permitted and empowered to institute by virtue of the authority granted by this section; and

11.05.10    Enter an Order concluding, terminating, and closing this case.

11.06   <u>Termination of Jurisdiction</u>.  Except as provided in this Article, the Court's jurisdiction shall terminate as to this Case and this Case shall be terminated and closed on the earlier of (a) six (6) months from the final distribution due to be made under this Plan, (b) the final disposition of all matters, if any, pending on that date, or (c) the day after the final payment is made to the Creditors of all the classes whose Claims are treated under this Plan, subject to being reopened upon application of a party in interest to consider a matter within the scope of § 11.05 of the Plan.

11.07   <u>Executory Contracts</u>.  The Debtors reserve the right to apply to the Court prior to the Confirmation Date to assume or reject any and all contracts or agreements which are executory pursuant to 11 U.S.C. § 365 of the Bankruptcy Code.

11.07.01    The Confirmation of the Plan shall automatically constitute a rejection of all executory contracts, agreements, pledges, unexpired leases, and obligations which have (i) not been rejected prior to that date, (ii) not assumed, in whole

23

or in part, by prior Order of the Court, (iii) for which an application has not been filed seeking an assumption thereof, or (iv) assumed under this Plan.  If the rejection of an executory contract, agreement, pledge, unexpired lease, or obligation by the Debtors results in damage to the other party or parties to such instrument, a Rejection Claim for such damage, if not heretofore evidenced by a timely filed proof of claim, shall be forever barred and shall not be enforceable against the Debtors unless filed in accordance with § 6.6. of the Plan.

       11.07.02     Post-Filing Date leases and promissory notes are not affected by this provision.

    11.08   <u>Calendar Matters</u>.  Whenever any payment to be made or any report to be provided under this Plan is due on a day other than a business day, such payment shall be made or report shall be dispatched on the next business day.

    11.09   <u>Administrative Claims</u>.  All applications for allowance of administrative expenses pursuant to 11 U.S.C. § 507(a)(2) of the Bankruptcy Code shall be filed and served on the Debtors within ninety (90) days from the date of the Confirmation Order.

    11.10   <u>Service of Documents on Debtors</u>.  Any pleading, notice or other document required by the Plan or Confirmation Order to be served or delivered to Debtors shall be sent by first class U.S. mail, postage prepaid, to:

Hassan Navabi
Yulia Mendyuk
1601 Wood Duck Court
Woodbridge, Virginia 22191

and a copy shall also be served in the same manner upon Debtors' counsel:

Michael G. Dana, Esquire
The Fried Law Firm, P.A.
4550 Montgomery Avenue, Suite 710N
Bethesda, Maryland 20814
Tel (301) 656-8525
Fax (301) 656-8528
Email: mdana@friedlaw.com

    11.11   <u>Events and Conditions of Default</u>.  Debtors shall be in Default under the terms of this Plan upon the occurrence of any of the following events or conditions:

11.11.11    Debtors fail to make timely any disbursement in connection with the administrative claims of professional persons within fifteen (15) days from the date on which it is due, the enforcement of which default provision may only be made by such professional persons;

11.11.12    Debtors fail to make any disbursement to the United States Trustee for administrative claims and or to the appropriate taxing authority for tax priority claims within thirty (30) days from the date on which it is due, the enforcement of which default provision may only be made by the party to whom the administrative claim or tax priority claim is due;

11.11.13    Debtors fail to make any Distribution to Class 4 Creditors within ninety (90) days from any Distribution Date, the enforcement of which default provision may only be made by Creditors in Class 5;

11.11.14    Any petition or application for any relief (other than the Case) under the Bankruptcy Code now or hereafter in effect or a case under any insolvency, reorganization, receivership, readjustment of debt, dissolution or liquidation law or statute of any jurisdiction now or hereafter in effect is filed by or against Debtors; provided, that Debtors shall have ninety (90) days from the date of filing of an involuntary petition to cure any alleged default or contravene the allegation of default;

11.12    If a party in interest holding an Allowed Claim fails to receive payment as provided under the Plan, or if any party in interest questions the Debtors' compliance with the Plan in any way, such party shall give the Debtors written notice thereof, and the Debtors may cure such nonpayment or noncompliance, if any, within twenty (20) days from their receipt of such notice.  This provision is inapplicable with regard to the requirements of § 10.11.11 above.

Respectfully submitted this __ day of June, 2011.

/s/ Hassan Navabi
Hassan Navabi
Debtor and Debtor-in-Possession

/s/ Yulia Mendyuk
Yulia Mendyuk
Debtor and Debtor-in-Possession

*/s/ Michael G. Dana, Esquire*
Michael G. Dana, Esquire, Bar No. 72106
The Fried Law Firm, P.A.
4550 Montgomery Avenue, Suite 710N
Bethesda, Maryland 20814
Attorney for Debtors

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

**In re**

**HASSAN NAVABI &**
**YULIA MENDYUK**                    **Case No. 10-16795**
        **Debtors**

                                    **Chapter 11**
**BALLOT FOR ACCEPTING OR REJECTING PLAN**

   The Plan of Reorganization referred to in this Ballot can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of two-thirds (2/3) in amount, and more than one-half (1/2) in number of claims in each class, in each class voting on the Plan.  In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the class rejecting it.  TO HAVE YOUR VOTE COUNT, YOU MUST COMPLETE AND RETURN THIS BALLOT.  Return of this Ballot accepting or rejecting a Plan will be deemed to be the filing of a proof of claim only for the purposes of computing the vote.  This Ballot should be returned to:

   The undersigned, a creditor of the above-named Debtors in the unpaid principal amount of $_____.

  (Check One Box)  (   ) ACCEPTS

        (   ) REJECTS

the Plan of Reorganization of the above-named Debtors filed on _____, and as approved by the Bankruptcy Court for the submission to creditors on _____, 2010, for your vote.

DATE:_____
PRINT OR TYPE NAME:_____
SIGNED:_____
BY:_____
TITLE:_____
ADDRESS:_____
_____
_____

Exhibit A